Howard Marc Spector
TBA #00785023
SPECTOR & COX, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorcox.com

COUNSEL FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERNDISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | § | |
| | § | |
| **Builders Direct Sales Group, LLC** | § | **Case No. 23-30745-11** |
| | § | |
| Debtor. | § | **(Chapter 11 - NDTX)** |
| | § | |

_____

|  |  |  |
|---|---|---|
| **Motili, Inc.,** | § | |
| | § | **Adversary Proceeding** |
| Plaintiff, | § | **No.** |
| | § | |
| v. | § | |
| | § | |
| **Builders Direct Sales Group, LLC d/b/a** | § | |
| **Builder Direct Sales Group, and** | § | |
| **James Bryant Cook,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF FILING OF PLEADINGS IN ACCORDANCE
## WITH LOCAL RULE 9027-1(b)

Respectfully submitted,

By: _/s/  Howard Marc Spector_
    Howard Marc Spector
    TBA #00785023
    Spector & Cox, PLLC
    12770 Coit Road, Suite 850
    Dallas, Texas 75251
    (214) 365-5377
    FAX: (214) 237-3380
    EMAIL: hspector@spectorcox.com

COUNSEL FOR DEBTOR

**HCDistrictclerk.com**          MOTILI INC vs. BUILDERS DIRECT SALES GROUP          7/5/2023
                                 LLC (D/B/A BUILDER DIR
                                 Cause: 202310945          CDI: 7     Court: 061

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 108993387 | Plaintiff's Designation of Lead Counsel | | 07/03/2023 | 2 |
| 108195037 | ORDER OF PARTIAL NONSUIT SIGNED | | 05/17/2023 | 1 |
| 108177563 | Notice of Nonsuit Without Prejudice as to Bankruptcy Defendant and Motion to Reinstate Remaining Claims | | 05/16/2023 | 2 |
| -> 108177564 | Proposed Order Granting Nonsuit Without Prejudice s to Bankruptcy Defendant and Reinstating Remaining Claims | | 05/16/2023 | 1 |
| 107987413 | Letter to Clerk re Exhibit for Notice of Bankruptcy | | 05/04/2023 | 2 |
| -> 107987414 | Exhibit 01 | | 05/04/2023 | 1 |
| 107776739 | Notice of Bankruptcy | | 04/21/2023 | 3 |
| 107671391 | Request for Issuance of Service | | 04/17/2023 | 1 |
| -> 107671392 | Original Request for Issuance of Service | | 04/17/2023 | 2 |
| 107365680 | DOCKET CONTROL ORDER | | 03/30/2023 | 4 |
| 107245647 | Issuance of Citation | | 03/23/2023 | 1 |
| 107019545 | Original Answer, Counterclaims, and Interpleader Claims of Builder Direct Sales Group and James Cook | | 03/10/2023 | 6 |
| 106776003 | Service Return- COOK, JAMES BRYANT | | 02/27/2023 | 2 |
| 106734686 | Citation Return - Builders Direct Sales Group LLC (d/b/a Builder Direct Sales Group) | | 02/23/2023 | 3 |
| 106648902 | Plaintiff's Original Petition | | 02/20/2023 | 5 |

2/20/2023 12:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72915108
By: Wanda Chambers
Filed: 2/20/2023 12:27 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MOTILI, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| BUILDERS DIRECT SALES GROUP, LLC | § | |
| D/B/A BUILDER DIRECT SALES GROUP | § | |
| and JAMES BRYANT COOK | § | _____ JUDICIAL DISTRICT COURT |
| | | |
| Defendants | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MOTILI, INC. files this Original Petition complaining of Defendants, BUILDERS DIRECT SALES GROUP, LLC D/B/A BUILDER DIRECT SALES GROUP and JAMES BRYANT COOK, and for causes of action would show the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

1.1     Plaintiff intends to conduct discovery under a Level 2 discovery plan as defined by the Texas Rules of Civil Procedure.  Plaintiff seeks monetary relief over $1,000,000.00.

**II.**
**THE PARTIES**

2.1     Plaintiff MOTILI, INC. ("Plaintiff") is a Delaware corporation.

2.2     Defendant BUILDERS DIRECT SALES GROUP, LLC D/B/A BUILDER DIRECT SALES GROUP ("Builder Direct") is a Texas limited liability company that has its principle place of business at 2009 McKenzie, Ste 124, Carrollton TX 77006, and may be served with process through its registered agent, James B. Cook, at its registered office, 5848 Boat Club Road, Ste 456, Fort Worth, TX 76179, or any other place he may be located within the State of Texas.

{MOT008/00001/2303380.DOCX;1/MLM }                1

2.2     Defendant JASON BRYANT COOK ("Cook") is an individual who may be served with process at 5848 Boat Club Road, Ste 456, Fort Worth, TX 76179, 2009 McKenzie, Ste 124, Carrollton TX 77006, or any other place he may be located within the State of Texas.

## III.
## JURISDICTION AND VENUE

3.1     Jurisdiction is proper in this Court because the damages sought by Plaintiff exceed this Court's minimum jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas.

3.2     Venue is proper in Harris County pursuant to Section 15.020 because Defendants agreed to be sued in Harris County via the terms of the underlying contracts between Plaintiff and Defendants, and pursuant to Section 15.002(1) because a substantial part of the events or omissions giving rise to this dispute occurred in Harris County.

## IV.
## STATEMENT OF FACTS

4.1     Plaintiff extended a credit line on open account to Builder Direct that is governed by a Commercial Credit Application and Statement of Terms (including Security Agreement), which was most recently updated on or about October 17, 2022 (the "Agreement").  Attached to the Agreement was a Guaranty executed by Cook on October 18, 2022 (the "Guaranty").

4.2     Builder Direct defaulted on the Open Account by failing to timely pay the amounts due to Plaintiff.  Accordingly, Builder Direct executed a Promissory Note dated May 11, 2022 (the "First Note") pursuant to which it promised to pay Plaintiff the principal sum of $2,000,000.00 plus interest in monthly installments beginning in May of 2022.  Builder Direct thereafter made monthly payments on the First Note.

4.3     On or about December 11, 2022, Builder Direct executed three additional agreements:  (1) a Secured Promissory Note (the "Second Note") pursuant to which it promised to

pay Plaintiff the principal sum of $1,583,857.21 plus interest in monthly installments beginning in April of 2023; (2) a Security Agreement to secure the payment and performance in full of all obligations of Builder Direct to Plaintiff; and, (3) an Independent Sales Representative Agreement (the "Exclusivity Agreement") pursuant to which Builder Direct agreed not to solicit orders for competitive products of Plaintiff within the State of Texas.

4.4    Builder Direct has not made a payment on the First Note since December 2, 2022. Knowing that Plaintiff has placed a hold on its account, it is Plaintiff's understanding and belief that Builder Direct has solicited orders for competitive products of Plaintiff within the State of Texas.

4.5.    Failing to make timely payment to Plaintiff on the First Note is a default under both the First Note and the Second Note, at which time Plaintiff may declare their balances to be mature and immediately payable.  As a result of the actions and inactions of Defendants, Plaintiff was required to retain the services of the undersigned attorneys.

4.6    On January 13, 2023, Plaintiff made demand upon Defendants for payment of the principal sums of $769,909.10 owing on the First Note and $1,583,857.21 owing on the Second Note, in the cumulative sum of $2,353,766.31, plus attorneys' fees and interest thereon.   In response, Defendants failed to tender any further payments to Plaintiff or present an acceptable plan that allows Defendants to cure their defaults.

4.7.    All conditions precedent necessary for Plaintiff's prosecution of its claims and right to possession of the collateral under the Agreement, Security Agreement, and/or Section 9-609 of the Uniform Commercial Code of the State of Texas have been performed or have occurred. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff despite demands and opportunities to cure, in the amount of at least $2,353,766.31, plus interest at the maximum rate allowed by law.

4.8      Pursuant to the Security Agreement, as well as Section 8 of the Agreement, the payment and performance in full of all obligations of Builder Direct to Plaintiff (i.e., the Secured Obligations") is secured by a security interest in all property of Builder Direct including, without limitation, all accounts, chattel paper, deposit accounts, inventory, equipment, instruments, investment property, general intangibles, commercial tort claims, supporting obligations, Federal Employee Retention Tax Credits, and profits of any of the foregoing (collectively, the "Collateral"). Plaintiff made written demand for possession of the Collateral from Defendants, but Defendants wrongfully detain the Collateral. Plaintiff is entitled to foreclose on its interest in the Collateral in satisfaction of the indebtedness owed by Builder Direct by exercising the rights of a secured party under the Uniform Commercial Code of the State of Texas.

## V.  BREACH OF CONTRACT

5.1      Plaintiff re-alleges and incorporates the preceding sections as if re-stated verbatim herein.

5.2      Plaintiff and Defendants entered into valid, enforceable contracts – specifically, the Agreement, Guaranty, First Note, Second Note, Security Agreement, and Exclusivity Agreement.

5.3      Defendants have breached each of their respective contracts which have caused, and will continue to cause, damages to Plaintiff in excess of the minimum jurisdictional limits of this Court. Plaintiff further seeks to invoke the remedies of a secured party under the Uniform Commercial Code including, without limitation, the foreclosure of its interest in the Collateral in satisfaction of the indebtedness owed by Builder Direct.

## VI.  ATTORNEYS' FEES

6.1      As a result of the actions of Defendants, Plaintiff has been forced to retain the undersigned attorneys to represent it in this action and has agreed to pay the firm reasonable and necessary attorneys' fees. Pursuant to Chapter 38 of the TEXAS CIVIL PRACTICE AND REMEDIES

CODE, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees from Defendants.

6.2     Additionally, pursuant to the terms of the First Note, Second Note, Section 5 of the Agreement, and Section 9 of the Guaranty, Defendants agreed to pay all costs and expenses, including reasonable fees and expenses of counsel for Plaintiff, incurred by Plaintiff in connection with the enforcement of its rights under said contracts.

## VII.  FORECLOSURE OF SECURITY INTEREST

7.1     Plaintiff seeks to enforce the Security Agreement, as well as Section 8 of the Agreement, by foreclosing on the Collateral as security for the indebtedness, as permitted therein.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff MOTILI, INC. prays:

1.      that Defendants be cited to appear and answer herein;

2.      for recovery of actual economic damages as a result of Defendants' breaches;

3.      for possession and/or foreclosure of the Collateral;

4.      for recovery of court costs and attorney's fees incurred in this action and pleaded hereinabove;

5.      for pre-judgment and post-judgment interest to the extent provided by law; and

6.      for such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:____/S/ Misty Gasiorowski_____
        MISTY GASIOROWSKI
        State Bar No. 24075830
        24 Greenway Plaza, Suite 2050
        Houston, Texas 77046
        Telephone: (713) 961-9045
        Facsimile: (713) 961-5341
        mgasiorowski@wkpz.com

ATTORNEYS FOR PLAINTIFF

2/23/2023 4:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73064387
By: Tiffany Jefferson
Filed: 2/23/2023 4:46 PM

EML

Receipt Number: 989302

COPY OF PLEADING PROVIDED BY PLT

Tracking Number: 74113263

CAUSE NUMBER: 202310945

| | |
|---|---|
| PLAINTIFF: MOTILI INC | In the 061st Judicial |
| vs. | District Court of |
| DEFENDANT:  BUILDERS   DIRECT   SALES   GROUP   LLC (D/B/A BUILDER DIRECT SALES GROUP) | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: BUILDERS DIRECT SALES GROUP LLC (D/B/A BUILDER DIRECT SALES GROUP) (A TEXAS LIMITED LIABILITY COMPANY) BY SERVING ITS REGISTERED AGENT JAMES B COOK

5848 BOAT CLUB ROAD STE 456

FORT WORTH TX 76179

OR ANY OTHER PLACE HE MAY BE LOCATED WITHIN THE STATE OF TEXAS

      Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on February 20, 2023, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

      YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

      ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this February 20, 2023.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: WANDA CHAMBERS

Issued at request of:
Gasiorowski, Misty
24 GREENWAY PLAZA SUITE 2050
HOUSTON, TX  77046
713-961-9045
Bar Number: 24075830

Tracking Number: 74113263

CAUSE NUMBER: 202310945

PLAINTIFF: MOTILI INC

vs.

DEFENDANT: BUILDERS DIRECT SALES GROUP LLC
(D/B/A BUILDER DIRECT SALES GROUP)

In the 061st

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _12:30_ o'clock _P_ M., on the _21_ day of
_Feb_ , 20 _23_ .
Executed at (address) _2009 McKenzie Ste 124 Carrollton, Tx 75006_
in _DALLAS_ County
at _2:59pm_ o'clock _P_ . M., on the _23_ day of
_Feb_ , 20 _2023_,
by delivering to _Builders Direct Sales Group LLC to Micah Frank, MANAGER_ defendant,
in person, a true copy of this
Citation    together    with    the    accompanying    _1_    copy(ies)    of    the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To    certify    which    I    affix    my    hand    officially    this    _23_    day of
_Feb_ , 20 _23_ .

FEE: $ _____

                                             _such person_
                                             _Harris_ of _TX_

County, Texas

_Kellen Ige_                    By: _PSC-20296 8/31/23_
    Affiant            _Kellen Ige_    _Kellen Ige_  Deputy
On this day, _____Kellen Ige_____ , known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN    TO    AND    SUBSCRIBED    BEFORE    ME    on    this    _23_ _day_    of
_FEB_ , 20 _23_

CHRISTOPHER J. FIORE
ID #11826697
My Commission Expires
December 22, 2023

Notary Public

2/27/2023 12:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73138144
By: Kathy Givens
Filed: 2/27/2023 12:19 PM

EML

Receipt Number: 989302

Tracking Number: 74113264

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202310945

| | |
|---|---|
| PLAINTIFF: MOTILI INC | In the 061st Judicial |
| vs. | District Court of |
| DEFENDANT: BUILDERS DIRECT SALES GROUP LLC (D/B/A BUILDER DIRECT SALES GROUP) | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: COOK, JAMES BRYANT

5848 BOAT CLUB ROAD STE 456

FORT WORTH TX 76179

OR 2009 MCKENZIE STE 124 CARROLLTON TEXAS 77006

OR ANY OTHER PLACE HE MAY BE LOCATED WITHIN THE STATE OF TEXAS

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on February 20, 2023, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this February 20, 2023.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
Gasiorowski, Misty
24 GREENWAY PLAZA SUITE 2050
HOUSTON, TX 77046
713-961-9045
Bar Number: 24075830

Tracking Number: 74113264

CAUSE NUMBER: 202310945

| | |
|---|---|
| PLAINTIFF: MOTILI INC | In the 061st |
| vs. | Judicial District Court |
| DEFENDANT: BUILDERS DIRECT SALES GROUP LLC | of Harris County, Texas |
| (D/B/A BUILDER DIRECT SALES GROUP) | |

~~OFFICER~~ AUTHORIZED PERSON RETURN

Came to hand at _9:04_ o'clock _A_. M., on the _21st_ day of
_February_, 20 _23_.
Executed at (address) _1402 Winston Drive Corinth Texas 76210_
in _Denton_ County
at _8:15_ o'clock _A_. M., on the _25th_ day of
_February_, 20 _23_,
by delivering to _James Bryant Cook_ _____ defendant,
in person, a true copy of this
Citation together with the accompanying _1_ copy(ies) of the
_Plaintiffs Original_ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _25th_ day of
_February_, 20 _23_.

FEE: $ _____

_____ _David Greer Authorized Person_
of _Harris County_
County, Texas _PSC-21267_
_DAVID GREER_ By: _____ _Exp 8/31/24_
Affiant _DAVID GREER_ ~~Deputy~~ _Authorized Person_

On this day, _DAVID GREER_ _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _27_ of
_FEB_, 20 _23_

CHRISTOPHER J. FIORE
ID #11826697
My Commission Expires
December 22, 2023

3/10/2023 4:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73564342
By: Brianna Janel Denmon
Filed: 3/10/2023 4:07 PM

## CAUSE NO. 2023-10945/ Court: 61

| | | |
|---|---|---|
| **MOTILI, INC.** | § | **IN THE DISTRICT COURT** |
|   **Plaintiff,** | § | |
| | § | |
| **v.** | § | **61ST JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **BUILDER DIRECT SALES GROUP, LLC,** | § | **HARRIS COUNTY, TEXAS** |
| **JAMES COOK, individually** | § | |
| | § | |
| | § | |
|   **Defendants.** | § | |

---

### ORIGINAL ANSWER, COUNTERCLAIMS, AND INTERPLEADER CLAIMS
### OF
### BUILDER DIRECT SALES GROUP AND JAMES COOK

---

TO THE HONORABLE JUDGE OF THE COURT:

Defendant BUILDER DIRECT SALES GROUP, LLC, hereafter "**BDSG**," and Defendant James Cook individually, hereafter "**Cook**" files its Original Answer, Affirmative Defenses, Counterclaims, and Interpleader claims and would show:

### ORIGINAL ANSWER

1. Defendants **BDSG & Cook** denies each and every, all and singular, the allegations made by Plaintiff, Motili, Inc., and demands strict proof. (Hereafter, "**Motili**" and "**Plaintiff**")

2. **BDSG** and **COOK** makes a general denial pursuant to Rule 92 TRCP.

### VERIFIED PLEAS

3. The agreement, if any, on which the claims are made is without consideration; to wit: there is no agreement such as alleged by plaintiff and plaintiff; and, to the extent an agreement did exist, it did not and does not have the terms and conditions set forward, and it did not and does not pertain to the transactions that are the subject of the dispute alleged by Plaintiff; and, Plaintiff failed to meet and comply with all conditions precedent; and Plaintiff made assumptions and took actions for its own interests and accounts without due consultation with **BDSG** and **COOK**.

### AFFIRMATIVE DEFENSE

4. Plaintiff released, waived, and settled its claims against **BDSG** and **COOK**.

5. **BDSG** and **COOK**. pleads accord and satisfaction due to negligent loss on part of Plaintiff.

6. Plaintiff is estopped from asserting its claims against **BDSG** and **COOK**.

7.   Plaintiff assumed the risk associated with the acts and omissions that are the subject of its claims against **BDSG** and **COOK**.

8.   Plaintiff consented to the acts and omissions that are the basis of its actions against **BDSG** and **COOK**.

9.   Plaintiff's claims against **BDSG** and **COOK** are based on fraud committed by plaintiff or one or more interplead co-defendants.

10.   Plaintiff does not have clean hands.

11.   Plaintiff's claims against **BDSG** and **COOK** fail for lack of consideration.

12.   Plaintiff ratified the agreements, promises, acts, and omissions that are the basis of its complaints; **BDSG** and **COOK** is entitled to offset.

13.   **BDSG** and **COOK**.  is not liable to plaintiff because plaintiff's claims are the result of negligent, reckless or deliberat acts of one or more co-defendants or their employees, agents, and representatives.

## SPECIAL EXCEPTIONS FOR IMPROPER JURISDICTION AND OBJECTION TO VENUE

14.   Plaintiff objects to venue in Harris County, Texas under Rule 86 TRCP. Harris County is not a proper county for venue because the operative facts, that is, the acts, .

15.   Any alleged purported facts associated with this lawsuit against Defendant BDSG and COOK was not located in Harris County, Texas and such action does not meet the jurisdictional requirements or otherwise did not occur in Harris County and only in Dallas County, Texas and this court lacks jurisdiction to hear such a claim and should dismiss such claim forthwith without delay.

16.   The acts, omissions, claims, and agreements that are the subject of this suit occurred in Dallas County, Texas. Dallas County, Texas is the proper venue for this lawsuit.

## PLEADING
## Interpleader Defendants

17.   Defendant, **DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L. P.** (Limited Partnership)(*formerly* Goodman Manufacturing Company L.P.), hereafter "**DIAKIN**" in Texas, **may be served with process by and through its registered agent, CT Corporation System**, at 1999 Bryan Street, Suite 900, Dallas, TX 75201 or thru an officer at its offices at 5151 San Felipe, Suite 500, Houston, Texas 77056 or its company address at 19001 Kermier Rd., Waller, Texas 77484 or wherever its registered agent may be found.

## ALLEGATIONS

18.   **BDSG** and **COOK**.  pleads facts, claims and defenses, and requests for relief cumulatively and in the alternative.

19.   With respect to Motili and Daikin, BDSG and James Cook are a consumers.

20.   Daikin, and Motili swapped claims, took and transferred money, exchanged debts, and gave and received payments, one with another. (Hereafter "**Swapped Claims**")

21.   Daikin, and Motili made various agreements pertaining to the Swapped Claims. The agreements include, among other things, who would receive funds and who would be credited for payment. The agreements were made without the knowledge and consent of BDSG or James Cook and was done so to defraud **BDSG** and **COOK**.

22.   **Motili**, and **Diakin** improperly and illegally distributed and/or credited themselves and took **BDSG** money without the knowledge, consent, or approval of **BDSG** and **COOK**. (Hereafter, "**Money Taken**")in a scheme to convert sales and take James Cook's clients for their own and then bankrupt and coerce **BDSG** and **COOK** out of the marketplace.

23.   Motili, and Daikin owe **BDSG** and **COOK** for the money taken and tortious interference with **BDSG** and **COOK** clients.

**COUNTERCLAIMS**

24.   Separately from the foregoing interpleader, Defendant/Counter-Plaintiff/Interpleader-Plaintiff **BDSG** and **COOK** (hereafter "**BDSG** and **COOK**") complains against plaintiff, . ("**MOTILI**" and "**Plaintiff**"). Motili, Inc. is a Delaware Corporation, having its offices at 1900 Wazee St., Ste 1533, Denver, CO 80202 hereafter again referred to as ("Motili") and may be served by and through their attorney of record, Misty Gasirowski of Weycer, Kaplan, Pulaski & Zuber, P.C. at 24 Geenway Plaza, Suite 2050, Houston, TX 77046 or via Eserve or wherever they may be found.

25.  DIAKIN engaged **BDSG** and **COOK**  to perform sales *via* an independent sales representative agreement, hereafter "Agreement" that through the scheme of DIAKIN and MOTILI was transferred to MOTILI on the promise that MOTILI was both competent and reliable in providing goods and services for the sales generated by **BDSG** and **COOK**. The work occurs on a variety of dates and locations. The work is billed according to the sales and purchase orders made under the Agreement. Motili had no inventory or delivery accountability system and this was objected to by **BDSG** and **COOK** but Motilit took no steps to prevent negligent loss and theft under their system that resulted in the loss claimed by Motili in their cause of action.

26.  Motili and Daikin has Money Taken from **BDSG** and **COOK** without any inventory or delivery sales of inventory on purchase orders and sales, improperly, without authority, and in breach of its agreements with **BDSG** and **COOK**.

**INTERPLEADER CLAIMS**

27.  Separately from the foregoing answer, Defendant/Counter-Plaintiff/Interpleder Plaintiff **BDSG** and **COOK**  complains against Counter-Defendant and Plaintiff **Motili**.

28.  Motili agreed to act as agent and representative of BDSG to collect certain funds from sales generated via orders for delivery of inventory that included evaporator/furnaces (called the rough as an industry term), condensing units and other heating, air and ventilation components and accessories, parts and refrigerant.  As a result of  incompetence and negligence, Motili was unable to deliver inventory as required by the sales agreements, lost inventory via theft, had no inventory control and accountability, delivered inventory and parts that were not to the proper sales customers and created duplicate invoicing as well as false, fictitious and or phantom invoices for non-existent inventory sales.

29.  **BDSG** and **COOK** agreed to do make sales in a professional, good and workmanlike manner, in accord with legal requirements and the standards of their industry and did so on behalf of Motili.  Motili on the other hand, with Daikin, was unable to meet the minimum legal and industry standards of properly accounting for inventory, delivering inventory and servicing customers that **BDSG** and **COOK** had generated sales for under the agreement.   In failing to follow the industry standards, Motili and Diakin were each of them dishonest and each of them violated duties of good faith, loyalty, care, and full disclosure owed to **BDSG** and **COOK**. Motili and Diakin are liable for damages for breach of contract, conversion, fraud, and fraudulent concealment

30.  Motili and Daikin took money and did not pay **BDSG** and **COOK**.  Instead, Motili collected money for jobs and from parties under the agreement with **BDSG** and **COOK** and without **BDSG** and **COOK** consent.   Motili's fraud was accomplished through an scheme that coerced **BDSG** and **COOK** into signing promissory notes and security agreements as a result of Motili's incompetence and negligent losses billed to **BDSG** and **COOK** thereby converting those funds and encumbering **BDSG** and **COOK** with debt in an effort to bankrupt **BDSG** and **COOK** and take over his customer base.  Motili and Diakin are liable to **BDSG** and **COOK**  for damages for breach of contract, negligent loss of inventory, fraudulent concealment, deceptive trade practices, fraud, tortious interference with business relationships and conversion.

31.   Motili, knowingly and intentionally, unconscionably, and with malicious intent represented that their goods or service had characteristics and qualities and conferred rights that they did not have and were not capable of performing under the agreement or otherwise. Motili violated Tex. Bus and Com Code 17.505 et seq. regarding notice and suit in relation to the breach of the agreement and tortious losses discussed above before commencing suit against **BDSG** and **COOK**.

32.   Motili and Diakin have interfered with the relationship of **BDSG** and **COOK**  with BDSG and Cook's clients and customers for which Motili and Daikin are liable for actual damages.

## DECLARATORY ACTION

33.   This claim is authorized by Tex. Civ. Prac. & Rem. Code §37.001 et. seq. more commonly known as the Uniform Declaratory Judgments Act. There is a justiciable controversy which involves rights and privileges under disputed agreements. The Declaratory Judgement will resolve the rights and status of the parties.

34.   While **BDSG** and **COOK**  disputes the existence of such agreements or whether there was any consideration or undue influence regarding such agreements as set out in Plaintiff's Original Petition and to the extent the Court finds there are written agreements between **BDSG** and **COOK** and other parties, **BDSG** and **COOK** is a person interested.

35.   **BDSG** and **COOK**  seeks declaratory relief from this Court holding that Motili and Daikin are seeking to impound, seize, and capture money **BDSG** and **COOK**  earned on other sales which are not subject to claims of parties to this suit as set out above, and/or not subject to the claims made by Motili in this suit.

## ATTORNEY'S FEES

36.   **BDSG** and **COOK** seeks payment of its reasonable and necessary for attorney fees from Motili and Daikin.

## PRAYER

37.   **BDSG** and **COOK** prays that all claims and actions of Motili be denied, that **BDSG** and **COOK** have judgment, and that Motili and or Daikin take nothing from **BDSG** and **COOK**.  **BDSG** and **COOK** seeks costs for defense of the claims and actions brought by Select Excavation.

38.   **BDSG** and **COOK**.  prays that cross-defendants Motili and Daikin be cited and made to answer. **BDSG** and **COOK**  prays for judgment on its claims and actions against each of Motili and Daikin for their breach contract, conversion, negligent loss, tortious interference with business relationships, dtpa violations, and all other wrongful acts and omissions, as set forth hereinabove.

39.  **BDSG** and **COOK**.  seeks pre-and-post-judgment interest at the highest rates allowed by law, attorney fees in the amount of at least $50,000.00, and all taxable costs of court.

Respectfully submitted,

/s/J. Eric Reed
J. Eric Reed
SBN 00794512
100 N. Central Expy, Suite 805
Richardson, Texas  75080
(214)365-0318
Fax (214) 672-9396
jereedlaw@aol.com

ATTORNEY FOR DEFENDANT

## Certificate of Service

I certify that a true copy of this document was served on the opposing Party Motili in accordance with Eserve and or Rule 21(a) of the Texas Rules of Civil Procedure on the following on March 10, 2023. A request for citation for Interpleader Defendant Daikin has been requested of the Clerk upon acceptance of this pleading as set forth above.

/s/ *J. Eric Reed*
Esignature
J. Eric Reed
Attorney for Plaintiff

3/23/2023 5:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73969700
By: Tiffany Jefferson
Filed: 3/23/2023 5:56 PM

# J. Eric Reed

100 N. Central Expy. Ste 805
Richardson, TX 75080
(214) 365-0318
Cell: (214) 476-1976
Fax: (214) 672-9396
jereedlaw@aol.com

March 23, 2023

Hon. Marilyn Burgess
Harris County District Clerk
201 Caroline, Suite 310
Houston, Texas 77002
(713) 274-8600

**RE: Issuance of "CITATION" on Cause No. 2023-10945/Court: 61, Motili v. Builder's Direct et al.  Interpleader Citation for Daikin Comfort Technologies Manufacturing L.P.**

Dear Clerk of Court:

My office represents the Defendants, Counter Plaintiffs & Interpleader Plaintiffs Builder Direct Sales Group, LLC., and James Cook, individually, in connection with the above referenced lawsuit.

1. Please issue one "**CITATION**" addressed to the Defendant, DIAKIN COMFORT TECHNOLOGIES MANUFACTURING L.P (Limited Partnership) and has a Registered Agent as follows:  CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 and/or at such place wherever the Defendant's Registered Agent may be found.

Once issued, the "CITATION" should be "e-served" to me at the following email address: jereedlaw@aol.com.  Please notify my office when the green certified return receipt card has been returned or the letter returned.  We have paid the cost of issuance of the "CITATION" for interpleader through E-file Texas via certified mail for a total of $90.54 accepted by the clerk on 3/10/23 in envelope 73564342.  If you have any questions or concerns regarding this matter, please do not hesitate to call.  Thank you for your time, consideration and assistance.

Sincerely,

/s/ J. Eric Reed
J. Eric Reed
Attorney for Plaintiff
SBN 00794512
100 N. Central Expy., Ste 805
Dallas, TX 75080

Page **1** of **1**

Case No. 202310945                                                    **DCORX**

MOTILI INC                              *              IN THE DISTRICT COURT OF

vs.                                     *              HARRIS COUNTY, TEXAS

BUILDERS DIRECT SALES GROUP LL          *              61st JUDICIAL DISTRICT
                                        *

## SCHEDULING AND DOCKET CONTROL ORDER

    The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 9/8/2023**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 10/9/2023**    Experts for parties seeking affirmative relief.
**(b) 11/8/2023**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/5/2024**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/5/2024**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6.**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/5/2024**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 2/5/2024**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

BUILDERS DIRECT SALES GROUP LLC (D/B/A
BUILDER DIR      2
5848 BOAT CLUB ROAD STE 456
FORT WORTH, TX 76169

**FREDERICKA PHILLIPS**
**JUDGE, 61ST DISTRICT COURT**
**Date Generated: 3/30/2023**    JCVO02

Case No. 202310945                                              **DCORX**

MOTILI INC                          *          IN THE DISTRICT COURT OF

vs.                                 *          HARRIS COUNTY, TEXAS

BUILDERS DIRECT SALES GROUP LL      *          61st JUDICIAL DISTRICT
                                    *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 9/8/2023**      **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**               **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 10/9/2023**    Experts for parties seeking affirmative relief.
**(b) 11/8/2023**    All other experts.

**3.**               **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/5/2024**      **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**               **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/5/2024**     No-evidence motions for summary judgment may only be heard after this date.
**(b)**              All dispositive motions or pleas must be heard.

**6.**               **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/5/2024**      **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**               **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 2/5/2024**      **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JAMES BRYANT COOK                         **FREDERICKA PHILLIPS**
5848 BOAT CLUB ROAD          3           **JUDGE, 61ST DISTRICT COURT**
FORT WORTH, TX 76179                     **Date Generated: 3/30/2023**        JCVO02

Case No. 202310945                                                                    **DCORX**

| | | |
|---|---|---|
| MOTILI INC | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| | * | |
| BUILDERS DIRECT SALES GROUP LL | * | 61st JUDICIAL DISTRICT |
| | * | |

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 9/8/2023**   **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**   **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 10/9/2023**   Experts for parties seeking affirmative relief.
**(b) 11/8/2023**   All other experts.

**3.**   **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/5/2024**   **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**   **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/5/2024**   No-evidence motions for summary judgment may only be heard after this date.
**(b)**   All dispositive motions or pleas must be heard.

**6.**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/5/2024**   **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**   **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 2/5/2024**   **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MISTY GASIOROWSKI
24 GREENWAY PLAZA SUITE 2050
HOUSTON, TX 77046

24075830

**FREDERICKA PHILLIPS**
**JUDGE, 61ST DISTRICT COURT**
**Date Generated: 3/30/2023**

JCVO02

Case No. 202310945                                                                      **DCORX**

MOTILI INC                                          *                    IN THE DISTRICT COURT OF

vs.                                                 *                    HARRIS COUNTY, TEXAS

BUILDERS DIRECT SALES GROUP LL                      *                    61st JUDICIAL DISTRICT
                                                    *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 9/8/2023**      **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**               **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 10/9/2023**    Experts for parties seeking affirmative relief.
**(b) 11/8/2023**    All other experts.

**3.**               **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/5/2024**      **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**               **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/5/2024**     No-evidence motions for summary judgment may only be heard after this date.
**(b)**              All dispositive motions or pleas must be heard.

**6.**               **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/5/2024**      **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**               **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 2/5/2024**      **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JOHN ERIC REED                                                          **FREDERICKA PHILLIPS**
                            00794512                                    **JUDGE, 61ST DISTRICT COURT**
                                                                        **Date Generated: 3/30/2023**          JCVO02

3/23/2023 5:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73969700
By: Tiffany Jefferson
Filed: 3/23/2023 5:56 PM

# J. Eric Reed

100 N. Central Expy. Ste 805
Richardson, TX 75080
(214) 365-0318
Cell: (214) 476-1976
Fax: (214) 672-9396
jereedlaw@aol.com

March 23, 2023

Hon. Marilyn Burgess
Harris County District Clerk
201 Caroline, Suite 310
Houston, Texas 77002
(713) 274-8600

**RE: Issuance of "CITATION" on Cause No. 2023-10945/Court: 61, Motili v. Builder's
Direct et al.  Interpleader Citation for Daikin Comfort Technologies Manufacturing L.P.**

Dear Clerk of Court:

My office represents the Defendants, Counter Plaintiffs & Interpleader Plaintiffs Builder Direct
Sales Group, LLC., and James Cook, individually, in connection with the above referenced
lawsuit.

1. Please issue one "**CITATION**" addressed to the Defendant, DIAKIN COMFORT
   TECHNOLOGIES MANUFACTURING L.P (Limited Partnership) and has a Registered
   Agent as follows:  CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas,
   Texas 75201 and/or at such place wherever the Defendant's Registered Agent may be
   found.

Once issued, the "CITATION" should be "e-served" to me at the following email address:
jereedlaw@aol.com.  Please notify my office when the green certified return receipt card has
been returned or the letter returned.  We have paid the cost of issuance of the "CITATION" for
interpleader through E-file Texas via certified mail for a total of $90.54 accepted by the clerk on
3/10/23 in envelope 73564342.  If you have any questions or concerns regarding this matter,
please do not hesitate to call.  Thank you for your time, consideration and assistance.

Sincerely,

/s/ J. Eric Reed
J. Eric Reed
Attorney for Plaintiff
SBN 00794512
100 N. Central Expy., Ste 805
Dallas, TX 75080

Page 1 of 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Reed
Bar No. 794512
jereedlaw@aol.com
Envelope ID: 73969700
Filing Code Description: Request
Filing Description: Request Issuance of Citation Letter to Interpleader Defendant Daiken Comfort Technologies Manufacturing L.P.
Status as of 3/24/2023 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Misty L.Gasiorowski | | mgasiorowski@wkpz.com | 3/23/2023 5:56:42 PM | SENT |
| John Reed | | jereedlaw@gmail.com | 3/23/2023 5:56:42 PM | SENT |

Associated Case Party: DAIKEN COMFORT TECHNOLOGIES MANUFACTURING L.P.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Simon Lin | | simon.lin@daikincomfort.com | 3/23/2023 5:56:42 PM | SENT |

4/17/2023 3:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74725921
By: Brianna Janel Denmon
Filed: 4/17/2023 3:56 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

CASE NUMBER: _2023-10945_                   **Request for Issuance of Service**
CURRENT COURT: _61st Judicial Dist. Court_

Name(s) of Documents to be served: _Defendant's Original Answer & Interpleader Petition_

FILE DATE: _3/23/23_          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: _Diakin Comfort Technologies Manufacturing, L.P._
Address of Service: _Registered Agent: CT Corporation System    1999 Bryan St.,_
City, State & Zip: _Dallas, TX 75201    Suite 900_
Agent (if applicable) _CT Corporation System_

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper**_____ | | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ($12.00)** | [ ] **Capias** (not by E-Issuance) | | [ ] **Attachment** (not by E-Issuance) |
| [ ] **Certiorari** | [ ] **Highway Commission/Texas Department of Transportation ($12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** (not by E-Issuance) | [ ] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
[ ] **ATTORNEY PICK-UP (phone)** _____
[ ] **MAIL to attorney  at:** _____
[ ] **CONSTABLE**
[ ] **CERTIFIED MAIL by CONSTABLE**
[ ] **CERTIFIED MAIL by DISTRICT CLERK**

[X] **E-Issuance by District Clerk**
   **(No Service Copy Fees Charged)**
*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____   Phone: _____
[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _J. Eric Reed_   Bar # or ID _00794512_

Mailing Address: _____

Phone Number: _214 365-0318   jereedlaw@aol.com_

4/21/2023 4:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74916033
By: Tiffany Jefferson
Filed: 4/21/2023 4:59 PM

## CAUSE NO. 2023-10945

| | | |
|---|---|---|
| **MOTILI, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **61st JUDICIAL DISTRICT** |
| | § | |
| **BUILDER DIRECT SALES GROUP, LLC,** | § | |
| **JAMES COOK, individually** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## <u>NOTICE OF BANKRUPTCY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Please be advised that on April 15, 2023, Defendant, Builders Direct Sales Group, LLC filed for protection under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Defendant was assigned Case Number 23-30745.   Pursuant to 11 U.S.C. § 362(a)(1), the bankruptcy filing stays, *inter alia*, the following actions:

> The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

Dated: April 21, 2023.

Respectfully submitted,


By:     */s/ Howard Marc Spector*
        Howard Marc Spector
        TBA #00785023

SPECTOR & COX, PLLC
Banner Place, Suite 850
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorcox.com

COUNSEL FOR THE DEBTOR


## **CERTIFICATE OF SERVICE**

     The undersigned certifies that on this 21st day of April, 2023, a copy of the foregoing document was served upon the Plaintiff, c/o Misty Gasiorowski, via email at mgasiorowski@wkpz.com.


        */s/ Howard Marc Spector*
        Howard Marc Spector

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Howard Spector on behalf of Howard Spector
Bar No. 785023
hspector@spectorjohnson.com
Envelope ID: 74916033
Filing Code Description: Notice
Filing Description: Notice of BK Motili Builders
Status as of 4/24/2023 8:25 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Misty L.Gasiorowski | | mgasiorowski@wkpz.com | 4/21/2023 4:59:22 PM | SENT |
| John Reed | | jereedlaw@gmail.com | 4/21/2023 4:59:22 PM | SENT |

United States Bankruptcy Court
Northern District of Texas

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 11 of the United States Bankruptcy Code,
entered on 04/15/2023 at 2:26 PM and filed on 04/15/2023.

**Builders Direct Sales Group LLC**
2009 McKenzie Dr.
Suite 124
Carrollton, TX 75006
Tax ID / EIN: 83-2195823



FILED
04/15/2023
2:26 PM

The case was filed by the debtor's attorney:

**Howard Marc Spector**
Spector & Cox, PLLC
12770 Coit Road
Banner Place, Suite 850
Dallas, TX 75251
(214) 365-5377

The case was assigned case number 23-30745-11.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.txnb.uscourts.gov or at the Clerk's Office, 1100 Commerce Street, Room 1254, Dallas,
TX 75242.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Robert P. Colwell**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
| --- |
| Transaction Receipt |

5/4/2023 3:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75327677
By: Tiffany Jefferson
Filed: 5/4/2023 3:24 PM



**SPECTOR & COX**
ATTORNEYS AT LAW

Howard Marc Spector, *Attorney*
hspector@spectorcox.com
*Direct* (214) 365-5377

Sarah M. Cox, *Attorney*
sarah@spectorcox.com
*Direct* (214) 310-1321

May 4, 2023

**<u>Via Efile</u>**
61st District Court
Attn: Tiffany Jefferson
201 Caroline, 9th Floor
Houston Texas 77002

Re:     *Cause No. 2023-10945*
          *Motili, Inc. vs. Builder Direct Sales Group, et al*

Dear Ms. Jefferson:

Per our conversation, please find the Notice of Bankruptcy to attach as an exhibit to our filing on April 21, 2023. Please let us know if you need anything further.

Sincerely yours,

Ashley Hawkins
Paralegal

12770 Coit Road, Suite 850
Dallas, Texas 75251
Main: (214) 365-5377 ♦ Fax (214) 237-3380

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Howard Spector on behalf of Howard Spector
Bar No. 785023
hspector@spectorjohnson.com
Envelope ID: 75327677
Filing Code Description: No Fee Documents
Filing Description: Ltr to clerk re Exhibit 5423
Status as of 5/4/2023 3:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Misty L.Gasiorowski | | mgasiorowski@wkpz.com | 5/4/2023 3:24:44 PM | SENT |
| John Reed | | jereedlaw@gmail.com | 5/4/2023 3:24:44 PM | SENT |

5/16/2023 12:55:47 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 75683934
By: JEFFERSON, TIFFANY S
Filed: 5/16/2023 12:55:47 PM

## CAUSE NO. 2023-10945

| | | |
|---|---|---|
| **MOTILI, INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **BUILDERS DIRECT SALES GROUP, LLC** | § | |
| **D/B/A BUILDER DIRECT SALES GROUP** | § | |
| **and JAMES BRYANT COOK** | § | **61ST JUDICIAL DISTRICT COURT** |
| **Defendants** | § | |

## <u>ORDER GRANTING NONSUIT WITHOUT PREJUDICE AS TO BANKRUPTCY DEFENDANT AND REINSTATING REMAINING CLAIMS</u>

On this day the Court considered Plaintiff's Notice of Nonsuit Without Prejudice and Motion to Reinstate. Accordingly, the Court

ORDERS, ADJUDGES and DECREES that all claims and causes of action asserted by Plaintiff MOTILI, INC. against Defendant BUILDERS DIRECT SALES GROUP, LLC D/B/A BUILDER DIRECT SALES GROUP are hereby dismissed without prejudice to the re-filing of same. The Court further

ORDERS, ADJUDGES and DECREES that all claims and causes of action asserted by and between Plaintiff MOTILI, INC. and the other Defendant, JAMES BRYANT COOK, are hereby reinstated as said Defendant is not subject to the automatic stay.

Signed on this the _____ day of May, 2023.

_____

JUDGE PRESIDING

{MOT008/00001/2336168.DOCX;1/LKO }

5/16/2023 12:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75683934
By: Tiffany Jefferson
Filed: 5/16/2023 12:55 PM

## CAUSE NO. 2023-10945

| | | |
|---|---|---|
| **MOTILI, INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **BUILDERS DIRECT SALES GROUP, LLC** | § | |
| **D/B/A BUILDER DIRECT SALES GROUP** | § | |
| **and JAMES BRYANT COOK** | § | **61ST JUDICIAL DISTRICT COURT** |
| **Defendants** | § | |

## <u>NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO BANKRUPTCY DEFENDANT AND MOTION TO REINSTATE REMAINING CLAIMS</u>

Plaintiff MOTILI, INC. gives notice that it is taking a nonsuit, without prejudice, of its claims and causes of action against Defendant BUILDERS DIRECT SALES GROUP, LLC D/B/A BUILDER DIRECT SALES GROUP in light of said Defendant's recent Chapter 11 bankruptcy filing (on April 15, 2023, assigned Case No. 23-30745-11, in the United States Bankruptcy Court, Northern District of Texas), effective immediately upon the filing of this notice.

This action should otherwise continue with respect to – and Plaintiff hereby moves the Court to reinstate the claims and causes of action asserted by and between Plaintiff and the other Defendant, JAMES BRYANT COOK, who is not subject to the automatic stay.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _/s/ Misty Gasiorowski_
     MISTY GASIOROWSKI
     State Bar No. 24075830
     E-Mail: mgasiorowski@wkpz.com
     24 Greenway Plaza, Ste. 2050
     Houston, Texas 77046
     Telephone: (713) 961-9045
     Facsimile: (713) 961-5341
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2023, a true, correct and complete copy of the above and foregoing instrument was served in accordance with the Texas Rules of Civil Procedure upon all counsel of record.

J. Eric Reed
100 N. Central Expy., Suite 805
Richardson, Texas 75080
jereedlaw@aol.com
*Counsel for James Bryant Cook*

Howard Marc Spector
Spector & Cox, PLLC
hspector@spectorjohnson.com
*Bankruptcy Counsel for Judgment Debtor*
*Builders Direct Sales Group LLC*

/s/ *Misty Gasiorowski*
MISTY GASIOROWSKI

5/16/2023 12:55:47 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 75683934
By: JEFFERSON, TIFFANY S
Filed: 5/16/2023 12:55:47 PM

CAUSE NO. 2023-10945

| MOTILI, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| BUILDERS DIRECT SALES GROUP, LLC | § | |
| D/B/A BUILDER DIRECT SALES GROUP | § | |
| and JAMES BRYANT COOK | § | 61ST JUDICIAL DISTRICT COURT |
| Defendants | § | |

## ORDER GRANTING NONSUIT WITHOUT PREJUDICE AS TO BANKRUPTCY DEFENDANT AND REINSTATING REMAINING CLAIMS

On this day the Court considered Plaintiff's Notice of Nonsuit Without Prejudice and Motion to Reinstate. Accordingly, the Court

ORDERS, ADJUDGES and DECREES that all claims and causes of action asserted by Plaintiff MOTILI, INC. against Defendant BUILDERS DIRECT SALES GROUP, LLC D/B/A BUILDER DIRECT SALES GROUP are hereby dismissed without prejudice to the re-filing of same. The Court further

ORDERS, ADJUDGES and DECREES that all claims and causes of action asserted by and between Plaintiff MOTILI, INC. and the other Defendant, JAMES BRYANT COOK, are hereby reinstated as said Defendant is not subject to the automatic stay.

Signed on this the _____ day of May, 2023.   Signed: 5/17/2023   *Fredericka Phillips*

_____
JUDGE PRESIDING

7/3/2023 3:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77187031
By: Marcella Hill
Filed: 7/3/2023 3:48 PM

**CAUSE NO. 2023-10945**

| | | |
|---|---|---|
| **MOTILI, INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **BUILDERS DIRECT SALES GROUP, LLC** | § | |
| **D/B/A BUILDER DIRECT SALES GROUP** | § | |
| **and JAMES BRYANT COOK** | § | **61ST JUDICIAL DISTRICT COURT** |
| **Defendants** | § | |

## PLAINTIFF'S DESIGNATION OF LEAD COUNSEL

PLEASE TAKE NOTICE that Plaintiff 12910 NW Freeway Realty, Ltd. files this

Designation of Lead Counsel and designates its lead counsel as follows:

Jeff Carruth
State Bar No. 24001846
E-mail: jcarruth@wkpz.com
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
24 Greenway Plaza, Ste. 2050
Houston, Texas 77046
Tel:  (713) 341-1158
Fax: (713) 961- 5341

Plaintiff requests that all pleadings, discovery, correspondence, and other material should

be served upon counsel at the address referenced above. Please take notice that Misty

Gasiorowski is no longer employed at the undersigned firm or otherwise associated with this

case.

Respectfully submitted,

**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**

By: */s/ Jeff Carruth*
Jeff Carruth
State Bar No. 24001846
E-mail: jcarruth@wkpz.com
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 341-1158
Facsimile: (713) 961-5341
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties and counsel in this matter via e-file service, email, and/or the Court's E-Service System on June 28, 2023.

J. Eric Reed
100 N. Central Expy., Suite 805
Richardson, Texas 75080
jereedlaw@aol.com
*Counsel for James Bryant Cook*

Howard Marc Spector
Spector & Cox, PLLC
hspector@spectorjohnson.com
*Bankruptcy Counsel for Judgment Debtor*
*Builders Direct Sales Group LLC*

*/s/ Jeff Carruth*
Jeff Carruth